DECISION
In September of 1998, the Columbus Civil Service Commission affirmed an order terminating the employment of Sharon Shulok with the City of Columbus. Ms. Shulok appealed the order to the Court of Common Pleas for Franklin County, Ohio. In August of 1999, a judge of that court rendered a decision reversing the termination order.
The City of Columbus has now pursued a direct appeal, assigning a single error for our consideration:
 THE FRANKLIN COUNTY COURT OF COMMON PLEAS COMMITTED PREJUDICIAL ERROR WHEN IT REVERSED THE DECISION OF THE COLUMBUS CIVIL SERVICE COMMISSION BY SUBSTITUTING ITS OWN JUDGMENT FOR THAT OF THE COMMISSION.
Sharon Shulok was employed as a research analyst specialist in the Department of Public Service with the City of Columbus. From March of 1997 until December of 1997, she was in charge of the distribution of employee gas cards which allowed employees of the City of Columbus with the Division of Refuse Collection to pump gasoline into motor vehicles. Apparently in November of 1997, someone used the card which has been assigned to one Lesley Deaderick to pump gasoline into a motor vehicle. Lesley Deaderick had left employment with the City of Columbus in October of 1997. The vehicle which was listed as receiving the gasoline was being repaired and was not being operated at the time.
Originally, the City of Columbus alleged that Ms. Shulok pumped the gasoline into her own car. However, the Columbus Civil Service Commission was not convinced that the allegations that Ms. Shulok was the thief was proven. Instead, the Civil Service Commission affirmed the termination of Ms. Shulok on a theory that Ms. Shulok had been ineffective in supervising the security precautions necessary for the employee gas cards and that, as a result, hundreds of dollars of gasoline had been stolen from the City of Columbus.
The judge from the court of common pleas found "* * * there is a lack of reliable, probative and substantial evidence to support the Commission's finding that Appellant neglected her duty to monitor the gas card system for fraud as there is a lack of such evidence that she was assigned such a duty." (Decision at 5.)
Sharon Shulok had testified before the Civil Service Commission that she had inherited the gas card program as one of her responsibilities, but she denied that she had been assigned responsibility to combat fraud and theft. She felt her responsibility was to make sure the gas cards were distributed to the people who needed them, not to monitor the use of the cards after they had been distributed. She acknowledged receiving regular reports on the use of the gas cards, but denied being trained on how to read the reports and how to utilize the reports to combat theft of gasoline.
We cannot say that the trial court erred in its limited weighing of the evidence. Obviously, someone should have communicated her responsibilities to Ms. Shulok. Ideally, Ms. Shulok would have assumed more responsibility than she did. However, the failure to communicate and the lack of initiative displayed did not constitute "[c]areless or negligent workmanship [sic] in performing job assignment" as defined in City Work Rule 10. Nor did the failure to communicate and lack of initiative constitute neglect of duty as defined in Civil Service Commission Rule XIII (A)(5).
As a result, we overrule the single assignment of error. We, therefore, affirm the judgment of the court of common pleas.
Judgment affirmed.
DESHLER and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.